ALLEN v. VAN HOUTEN ADMR. &c.

## In Error to the Circuit Court of Passaic.

1. Rent cannot be apportioned between the personal representative and the heir.

2. If the lessor dies, the accruing rent, which becomes payable, at a day subsequent to his death, must be sued for by the heir or devisee; and not by the administrator.

3. A state of demand, in an action of covenant upon a lease, by the administrator of the lessor, setting forth, that the defendant became assignee of the lease, on the 19th May, 1827, and occupied from that day until the lessor died, on the 23d February, 1835: and that there was due the intestate, *at the time of his death* the sum of forty dollars for rent; without stating when it became due and payable; or for what year or quarter the rent was due, is too uncertain.

---

Argued and decided orally, at May Term, 1842.

*E. B. D. Ogden* for plaintiff in error.

*J. Speer* for defendant.

STATE OF THE CASE.    Aaron A. Van Houten, as administrator of Elizabeth Van Houten dec. sued Allen, in a court for the trial of small causes, in covenant, upon a lease, made by the intestate, to one I. W. C. on the 1st of March, 1824, of certain premises, for twenty years, at a rent of twenty dollars annually.

The state of demand sets forth, that on the 13th August, 1835, the right and interest of the lessee, I. W. C. of and in the said lease and leasehold premises, "were sold and transferred by Moses Smith, Sheriff, of the county of Essex, to one W. C." who on the 27th May, 1826, assigned the same to one J. G. and that on the 19th May, 1827, the said J. G. assigned the said lease and premises to the defendant; and that the defendant had possessed and enjoyed the premises from the day last aforesaid until the 23d of February, 1835, when the intestate died; and that at that time, there was due to intestate for rent on the said lease, forty dollars, which the defendant had refused to pay.

The justice gave judgment for the plaintiff for twenty dollars damages and costs. The defendant appealed, and the Common Pleas also gave judgment for the plaintiffs, but for a larger sum. The cause was then removed by *Certiorari* into the Circuit Court, where the judgment of the Common Pleas was affirmed, and thereupon this writ of error was sued out.

Opinion of the Court.

HORNBLOWER, C. J. Several matters were assigned for error in this case. It is necessary to notice only that one which goes to the sufficiency of the state of demand. The demise was made on the 1st of March, 1824, at "the yearly rent of twenty dollars, to be paid yearly and every year." The day of payment is not stated in the statement of demand; but the legal effect of a demise in those words, would be to make the rent payable annually, on the 1st day of March, in every year, during the lease; and in fact, the lease when examined shows, that the rent was reserved, payable, in so many words, on that day. The allegation in the state of demand is, that the defendant became assignee on the 19th May, 1827, and occupied as such, from that time until the death of the intestate, on the 23d February, 1835, a period of eight years, nine months and four days; and the breach of covenant assigned, (if indeed it amounts to an assignment of a breach,) is in these words, viz: "that there was due from the defendant to the intestate, *at the time of her death*, for rent of the premises, the sum of forty dollars; which the defendant refused and still refuses to pay." When did this sum of

forty dollars begin to accrue? When did it become due? These questions cannot be answered from the state of demand. The judgment was for twenty dollars: for what portion of the period between the 19th of May, 1827, and the death of the intestate, was that twenty dollars due? If the plaintiff by his state of demand, sued for, and if the justice gave him rent up to the death of the intestate, it was erroneous. Rent cannot be apportioned between the administrator and the heir. The last year's rent did not become due until the 1st of March, 1835, which was three or four days after the intestate's death, and could not therefore be sued for, nor recovered by the administrator: but belonged to the heir at law. If therefore, the action and the judgment was for rent due the intestate at the time of her death, it must have been rent, which had become due on, or at some day prior to the 1st of March, 1834. How was a defendant upon such a state of demand, to know what he was sued for? How is he to come prepared to defend himself?

I think it would be unlawful, as it is clearly unreasonable to compel a man to come to trial upon such a declaration or state of demand. It would be going too far to say, that such a looseness and uncertainty in a state of demand, would not " tend to defeat or impair the substantial rights " of the plaintiff in Error. *Hunt* v. *Howell,* 3 *Halst.* 61. For this reason, I think the judgments of the Circuit Court, the Court of Common Pleas and of the Justice of the Peace, ought all to be reversed.

*All the judgments reversed.*

In Error to the Circuit Court of Passaic.